VICTOR TALKING MACH. CO. v. BRUNS-WICK–BALKE–COLLENDER CO. et al.*

BRUNSWICK–BALKE–COLLENDER CO. et al. v. VICTOR TALKING MACH. CO.

(Circuit Court of Appeals, Third Circuit. July 6, 1925. Rehearing Denied August 19, 1925.)

Nos. 3178, 3179.

1. **Patents ⬗⬗⬗328—946,442, claim 19, relating to talking machine with amplifying horn inclosed in cabinet with doors to regulate sound, held invalid for anticipation.**

Johnson patent, No. 946,442, claim 19, relating to talking machine with amplifying horn inclosed in cabinet with doors to regulate sound, *held* invalid for anticipation.

2. **Patents ⬗⬗⬗328—1,402,738, claim 1, relating to talking machine with horn inclosed in cabinet with doors to regulate sound, held invalid for abandonment.**

Browning patent No. 1,402,738, claim 1, relating to talking machine with amplifying horn inclosed in cabinet with doors regulating sound, *held* invalid for abandonment.

3. **Patents ⬗⬗⬗82—Striking of claim from application without attempt to reinstate for four years is sufficient to establish abandonment.**

In suit under Rev. St. § 4918 (Comp. St. § 9463), evidence unexplained that patentee struck particular claim from his application for patent, and did not attempt to reinsert it for more than four years, *held* to establish abandonment.

Appeal from the District Court of the United States for the District of Delaware; Hugh M. Morris, Judge.

Suit by the Victor Talking Machine Company against the Brunswick-Balke-Collender Company and another. From a decree (290 F. 565) holding patents of both parties invalid, plaintiff appeals, and defendants cross-appeal. Decree affirmed.

Wm. Houston Kenyon, of New York City, Wm. Clarke Mason, of Philadelphia, Pa., George W. Schurman and Frederick Bachmann, both of New York City, John D. Myers, of Philadelphia, Pa., and Saulsbury & Curley, of Wilmington, Del. (Kenyon & Kenyon, of New York City, and Morgan, Lewis & Bockius, of Philadelphia, Pa., of counsel), for plaintiff.

Melville Church, of Washington, D. C., George W. Case, Jr., of New York City, and William G. Mahaffy, of Wilmington, Del., for defendants.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

*Certiorari denied 46 S. Ct. 106, 70 L. Ed. —.

PER CURIAM. This is an appeal by both parties from a decree of the District Court holding claim 19 of United States letters patent No. 946,442, issued, on application filed by E. R. Johnson, January 12, 1906, to the Victor Talking Machine Company January 11, 1910, invalid on the ground that Johnson derived his knowledge of the invention from J. B. Browning and claim 1 of United States letters patent No. 1,402,738, issued to J. B. Browning for the same invention, invalid on the ground of abandonment.

[1, 2] This invention relates to a talking machine with an amplifying horn inclosed in a cabinet with doors on either side to regulate the sound issuing from the horn, and is embodied in claim 19 of the Johnson patent and claim 1 of the Browning patent, which is now owned by the Brunswick-Balke-Collender Company. The question involved is priority of invention, and this was before the Court of Appeals of the District of Columbia, which decided in favor of the Browning patent on April 4, 1921.

The Victor Talking Machine Company thereafter, February 1, 1922, filed its bill under the provisions of section 4918 of the Revised Statutes (Comp. St. § 9463) in the District Court for the purpose of having claim 1 of the Browning patent decreed invalid and void. The complete record of the case in the Patent Office and the Court of Appeals of the District of Columbia was not before the District Court, and so is not before us. The learned District Judge held that the testimony before him was not sufficient in character and amount to carry thorough conviction that the conclusion of the Court of Appeals was erroneous, and so under the doctrine of Morgan v. Daniels, 153 U. S. 120, 14 S. Ct. 772, 38 L. Ed. 657, he felt constrained to award priority of invention to Browning.

[3] The Court of Appeals had before it only the issue of priority of invention. In addition to this question, the District Court considered the question of abandonment by Browning. On April 4, 1911, Browning struck from his application for the patent the invention covered by claim 1, and did not reinsert it until June, 1915. Judge Morris held that this unexplained silence for a period of more than four years constituted an abandonment by him of the invention. We think his conclusions on both issues are sound, and affirm the decree on his opinion.

Certiorari granted 46 S. Ct. 106, 70 L. Ed. —.